UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

YARLEI BANOL-RAMOS,

                      Petitioner,                    09cr498
                                                                      16cv3791

      -against-                            16cv6522

UNITED STATES OF AMERICA,          OPINION & ORDER

                      Respondent.

------------------------------------------------

WILLIAM H. PAULEY III, District Judge:

        Petitioner Yarlei Banol-Ramos moves to vacate her conviction and set aside her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Banol-Ramos' motion is denied.[1]

## BACKGROUND

        On February 28, 2011, Banol-Ramos pled guilty to one count of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B. This Court sentenced Banol-Ramos to the statutory maximum term of imprisonment of 180 months on September 16, 2011. (See United States v. Banol-Ramos, 09cr498, ECF No. 65.) Following the entry of judgment on September 19, 2011, Banol-Ramos appealed her conviction and sentence. (United States v. Banol-Ramos, 09cr498, ECF No. 66.) The Second Circuit

---

[1] Banol-Ramos filed two § 2255 motions on May 12, 2016 and August 3, 2016. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (explaining that under the "prison mailbox" rule, a motion is deemed to have been filed on the date it was provided to prison officials to be sent to the Clerk of Court). While a district court lacks the jurisdiction to consider a second or successive § 2255 motion without prior certification from the court of appeals under § 2255(h), this Court construes Banol-Ramos' later-filed § 2255 motion as amending the first. Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."). Accordingly, this Opinion & Order refers to both in the singular for ease of reference.

affirmed Banol-Ramos' conviction on March 26, 2013.  United States v. Banol-Ramos, 516 F. App'x 43 (2d Cir. 2013) (summary order).  Subsequently, this Court entered an amended judgment on August 12, 2013 to correct a typographical error.  (United States v. Banol-Ramos, 09cr498, ECF No. 103.)

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  But "[a] motion under § 2255 is not a substitute for an appeal."  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998).  Collateral challenges conflict with "society's strong interest in the finality of criminal convictions" and defendants are, therefore, subject to a higher bar "to upset a conviction on a collateral, as opposed to direct, attack."  Yick Man Mui v. United States, 614 F.3d 50, 53 (2d. Cir. 2010).  To prevail, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  Nnebe v. United States, 534 F.3d 87, 90 (2d Cir. 2008) (internal quotation marks omitted).

Because Banol-Ramos is proceeding pro se, her motion is held to "less stringent standards than [those] drafted by lawyers."  Bey v. City of White Plains, No. 10-CV-1887, 2011 WL 6019360 at *3 (S.D.N.Y. Nov. 15, 2011) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Moreover, this Court liberally construes her motion "to raise the strongest arguments they suggest."  Bey, 2011 WL 6019360, at *3 (quoting Berlin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)).

## DISCUSSION

Banol-Ramos advances a three-pronged collateral attack on her sentence.  This

Court addresses each claim seriatim before turning to the timeliness of Banol-Ramos' petition.

I. Consideration of § 3553 Factors

Banol-Ramos asserts that this Court failed to consider the factors enumerated in 18 U.S.C. § 3553(a) in imposing her sentence in violation of the Sixth Amendment,[2] resulting in an excessive sentence in violation of the Eighth Amendment. As an initial matter, this claim is procedurally barred—Banol-Ramos made these same arguments on appeal, and the Second Circuit rejected them in finding her sentence procedurally and substantively reasonable. See Banol-Ramos, 516 F. App'x at 46-47 (finding that this Court "plainly took account" of the abuse that Banol-Ramos suffered and finding "no merit to defendant's contention that the district court's imposition of a sentence at the statutory minimum was so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' as to 'damage the administration of justice'" (citing United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009)). In the absence of any intervening change of controlling law, Banol-Ramos' may not commandeer § 2255 to re-litigate questions already raised and considered on appeal. See Yick Man Mui, 614 F.3d at 53-54; Abbamonte v. United States, 160 F.3d 922, 924 (2d Cir. 1998).

But even if this Court were to reach the merits, it would reject Banol-Ramos' arguments. Section 3553(a) "requires a district court to consider several factors in determining a sentence." United States v. Wagner-Dano, 679 F.3d 83, 88 (2d Cir. 2012). Nonetheless, a court "need not . . . 'utter robotic incantations repeating each factor that motivates a sentence,' or

---

[2] Aside from a fleeting reference, Banol-Ramos makes no attempt to explain how her Sixth Amendment rights were violated. Under the case law of this Circuit, however, a sentence will satisfy the Sixth Amendment "if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and imposes a reasonable sentence." United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007). Accordingly, this Court construes Banol-Ramos' claim regarding this Court's consideration of the § 3553(a) factors to be brought under the Sixth Amendment.

3

precisely identify the § 3553(a) factors or address specific arguments bearing on their application." United States v. Rodriguez, 697 F. App'x 734, 738 (2d Cir. 2017) (summary order) (internal citations and quotation marks omitted). In her § 2255 motion, Banol-Ramos claims that this Court did not adequately consider her upbringing and the abuse she suffered as a member of FARC. But at sentencing, this Court weighed the "heinous abuse" to which Banol-Ramos was subjected by FARC against "the seriousness of this crime"—namely, that she was "arrested following a shootout with Panamanian police" and found in possession of "four fully loaded AK-47s, a Galil rifle, more than 700 rounds for the AK-47s and more than 200 rounds for the Galil rifle together with explosives and other gear." (Sentencing Tr. at 4-5.) See Banol-Ramos, 516 F. App'x at 46. Ultimately, this Court concluded that Banol-Ramos' personal circumstances were "no excuse" for the extremely violent nature of the crime. (Sentencing Tr. at 5.) See Banol-Ramos, 516 F. App'x at 46. Accordingly, Banol-Ramos' claim is without merit.

II.    Application of Sentencing Enhancements

Next, Banol-Ramos challenges this Court's imposition of two enhancements to her Guidelines range—one for committing an offense that involved a federal crime of terrorism under U.S.S.G. § 3A1.4, and the second, for committing an offense that involved the provision of firearms under U.S.S.C. § 2M5.3. This claim is premised on two arguments, neither of which have merit.

First, Banol-Ramos contends that the terrorism enhancement encompasses the firearms enhancement. But because this duplicativeness argument was also raised on direct appeal and rejected by the Second Circuit, it is procedurally barred. See Banol-Ramos, 516 F. App'x at 47-48. Second, Banol-Ramos argues that the holding in Johnson v. United States, 135 S. Ct. 2551 (2015) extends to any sentencing enhancement, including the Guidelines

enhancements imposed on her sentence. In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act's definition of "violent felony" as unconstitutionally vague. Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces an enhanced sentence if she has three prior convictions for a "violent felony," see 18 U.S.C. § 924(e)(1), which is defined by the ACCA's residual clause to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," see 18 U.S.C. § 924(e)(2)(B). The Supreme Court held that this residual clause was unconstitutionally vague by "combining indeterminacy about how to measure the risk posed by the crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony" such that imposing an increased sentence under that clause "violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2558.

Here, Banol-Ramos' Johnson claim fails for two reasons. As an initial matter, Banol-Ramos failed to raise this claim in her direct appeal, and she makes no showing of cause for her procedural default or prejudice resulting from the alleged error. Yick Man Mui, 614 F.3d at 54 (claims that could have been brought on direct appeal may not be raised on collateral review absent cause and prejudice). And in any event, Banol-Ramos cannot show prejudice because Johnson's void-for-vagueness holding does not apply to the sentencing enhancements that this Court imposed.[3] See Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause"). Nor do the sentencing enhancements that this Court imposed implicate the vagueness concerns raised by the ACCA's residual clause. The commentary to § 3A1.4 provides

---

[3] Some cases in this District have held that Johnson "strictly applies only to those defendants who are convicted of being a felon in possession of a firearm in violation of [§ 922(g)]." See, e.g., Pena v. United States, 192 F. Supp. 3d 483, 495 (S.D.N.Y. 2016). Nevertheless, this Court need not delineate the precise boundaries of Johnson's holding because it clearly does not apply here.

5

that a "federal crime of terrorism" has the same meaning as that given by 18 U.S.C. § 2332b(g)(5). In turn, the latter provision defines a "Federal crime of terrorism" to include a violation of 18 U.S.C. § 2339B—the statute under which Banol-Ramos was convicted. See 18 U.S.C. § 2332b(g)(5)(B)(i). Likewise, the commentary to § 2M5.3 makes clear that that provision applies to violations of 18 U.S.C. § 2339B. In sum, Banol-Ramos' challenge to the application of §§ 3A1.4 and 2M5.3 is meritless.

III.     Amendment 794

Finally, Banol-Ramos asserts that Amendment 794 to the Sentencing Guidelines, which became effective on November 1, 2015, applies retroactively and entitles her to a reduced sentence as a minimal or minor participant under U.S.S.G. § 3B1.2. As a threshold matter, the request for a sentence reduction is beyond the scope of a habeas petition because it does not assert that Banol-Ramos' sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." See 28 U.S.C. § 2255; accord Reed v. United States, 2017 WL 5573151, at *5 (D. Conn. Nov. 20, 2017). Thus, this Court construes this claim as one for a sentence reduction under 18 U.S.C. § 3582.

Amendment 794 "clarified that a role reduction is appropriate if the defendant was 'substantially less culpable than the average participant in the criminal activity,' and that the 'average participant' specifically refers to the defendant's 'co-participants in the case at hand,'" United States v. Kirk Tang Yuk, --- F.3d ---, 2018 WL 1321081, at *20 n.16 (2d Cir. 2018), as opposed to an average participant in such a crime, see United States v. Carpenter, 252 F.3d 230 (2d Cir. 2001). Banol-Ramos relies on United States v. Quintero-Leyva in support of her request for a sentence reduction. In that case, the Ninth Circuit held that Amendment 794 applied

retroactively to direct appeals based on its application of Ninth Circuit precedent in assessing whether an amendment to the Guidelines applies retroactively. United States v. Quintero-Leyva, 823 F.3d 519, 522-23 (9th Cir. 2016).

But Quintero-Leyva is inapposite because it addressed Amendment 794's retroactivity in the context of a direct appeal, as opposed to a motion for reduced sentence under 18 U.S.C. § 3582. See United States v. Harris, 711 F. App'x 61, 62 (2d Cir. 2018) (summary order) (rejecting as irrelevant in the § 3582 context an argument based on Quintero-Leyva). As numerous courts in this Circuit have held, Amendment 794 has no retroactive application in the § 3582 context because it is not listed in U.S.S.G. § 1B1.10. See, e.g., Garcia v. United States, 2017 WL 5125539, at *1 (S.D.N.Y. Nov. 1, 2017); Calderon v. United States, 2016 WL 7742746, at *1 (S.D.N.Y. Dec. 28, 2016); accord Harris, 711 F. App'x at 62 (citing Dillon v. United States, 560 U.S. 817, 827 (2010)) (explaining that Guidelines amendments create eligibility for § 3582 relief only when listed in § 1B1.10(d)). Accordingly, Banol-Ramos' request for a sentence reduction under Amendment 794 is denied as lacking merit.

IV.   Timeliness

Banol-Ramos' motion must also be denied as untimely. Section 2255(f) provides for a one-year limitations period, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

7

>presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

Here, Banol-Ramos' time for filing a certiorari petition expired on June 24, 2013, which is 90 days after the Second Circuit affirmed this Court's judgment. See Sup. Ct. R. 13(1) (requiring certiorari petitions to review a judgment of U.S. courts of appeals to be filed within 90 days after entry of the judgment). None of the other circumstances enumerated in § 2255(f) are apparent from the face of the record, nor does the record evince an extraordinary circumstance that would make equitable tolling appropriate. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted) (noting that a defendant seeking habeas relief is "'entitled to equitable tolling' only if [she] shows '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing"). Accordingly, § 2255(f)'s one-year limitations period expired on June 25, 2014, rendering Banol-Ramos' motion untimely.

Banol-Ramos contends that her motion is timely based on McKinney v. United States, a 1953 opinion in which the D.C. Circuit remarked that while the petitioner's "present [§ 2255 motion] comes late in the day . . . tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined." McKinney v. United States, 208 F.2d 844, 846-47 (D.C. Cir. 1953). But McKinney predated the 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act, which replaced the prior language in § 2255 allowing motions to be made at any time with the currently applicable one-year limitations period. See Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). Thus, McKinney offers Banol-Ramos' motion no

refuge.

Banol-Ramos' attempts to salvage specific grounds for her motion are equally unpersuasive. First, she contends that her motion is timely under § 2255(f)(3), ostensibly under <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), which made <u>Johnson</u> retroactively applicable. But as discussed above, <u>Johnson</u>'s ruling does not apply to the sentencing enhancements at issue in this case. Second, Banol-Ramos contends that because Amendment 794 became effective on November 1, 2015, her motion is timely under AEDPA's one-year limitations period. But as discussed above, Amendment 794 is not retroactively applicable. Because Banol-Ramos was sentenced <u>before</u> the effective date of Amendment 794, it too provides no recourse.

## CONCLUSION

For the foregoing reasons, Banol-Ramos' petition is denied. Because Banol-Ramos has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C. § 2253(c). In addition, this Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mark 16cv3791 and 16cv6522 as closed, terminate the motions pending at ECF Nos. 110 and 111 in 09cr498, and mail a copy of this Opinion & Order to Banol-Ramos.

Dated: March 22, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.